UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILMER YOVANY LOPEZ MENJIVAR,

      Petitioner,

v.                                                        Case No. 3:26-cv-532-MMH-PDB

DIRECTOR ENFORCEMENT AND
REMOVAL OPERATIONS, et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Wilmer Yovany Lopez Menjivar, an immigration detainee, initiated this action by filing, through counsel, a Verified Petition for Writ of Habeas Corpus (Doc. 1) on March 11, 2026. On April 13, 2026, the Federal Respondents (Director of Enforcement and Removal Operations, Markwayne Mullin, and Todd Blanche[1]) filed a Response to Petition for Writ of Habeas Corpus (Doc. 13; Response). Respondent Warden filed a Motion to Dismiss (Doc. 12; Motion to Dismiss), arguing he is not a proper respondent in this case. Menjivar filed a counseled Reply (Doc. 14). This case is ripe for review.

_____

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Menjivar, he is a citizen of Honduras who entered the United States on August 17, 1998. Petition at 10. Shortly after he entered, on September 2, 1998, the Department of Homeland Security (DHS) detained Menjivar, issued him a Notice to Appear, and released him on bond Id. On February 23, 2026, United States Immigration and Customs Enforcement (ICE) detained Menjivar. Id.

## III. Analysis

The crux of Menjivar's claim for relief in Count One is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 11–12, As relief, he seeks, inter alia, immediate release. Id. at 13.

The Federal Respondents argue that this Court lacks jurisdiction over Menjivar's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 12–13. The Federal Respondents further recognize that this Court has previously rejected these same arguments in nearly identical circumstances. See id. at 12 (citing Gomez-Pena v. Sec'y, DHS, No. 3:25-cv-1287-MMH-MCR, 2026 WL 83980 (M.D. Fla. Jan. 12, 2026); Ortiz v. Noem, No. 3:25-cv-1386-MMH-MCR, 2025 WL 3653217 (M.D. Fla. Dec. 17, 2025)).

Upon review, the Court finds that its previous opinions on these issues apply with equal force to this case. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-

MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); <u>Lopez v. Rhoden</u>, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); <u>Garcia v. Warden</u>, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). Indeed, the Court is satisfied it has jurisdiction over Menjivar's claims; further administrative exhaustion would be futile; and given that Menjivar entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and release is the appropriate remedy.[2]

Accordingly, it is

**ORDERED**:

1.      Menjivar's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Menjivar **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Florida Baker Correctional Institute's Motion to Dismiss (Doc. 12) is **DENIED.** <u>See, e.g.</u>, <u>Fonseca</u>, 2026 WL 1072778, at *4–5.

---

[2] Insofar as Menjivar requests attorney's fees, he may make such a request in a separate motion, if appropriate. <u>See</u> Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 4/27
c:
Counsel of Record